Frank A. Gulotta, J.
Plaintiff moves for summary judgment and defendant asks for like relief in its answering affidavit.
There are two causes of action remaining in the complaint. Both are for conversion, one seeking compensatory damage and the other punitive damage.
Plaintiff is an assignee for the benefit of creditors and defendant bank is a creditor and the holder of a security agreement. It is undisputed that the bank seized the assets covered by the agreement and sold them to apply on the debt. Plaintiff’s position is that the bank committed a conversion because the security agreement was a nullity. It points to certain deficiencies in its preparation. For instance, the agreement is undated, does not specify the amount of the debt, or the terms of repayment, and is signed by an individual in his own name and not in his capacity as an officer of the debtor corporation.
*802 On the other hand, the agreement does name the debtor corporation in the body thereof, it lists the collateral covered by it, and the individual signing it was in fact the president of the debtor authorized to sign in the resolution on file with the bank; he signed on a line preceded by the word “By” and affixed the corporate seal.
Section 9-203 (subd. [1]) of the Uniform Commercial Code states in part ‘ ‘ a security interest is not enforceable against the debtor or third parties unless * * * (b) the debtor has signed a security agreement which contains a description of the collateral ”.
Section 1-201 (General Definitions) states (subd. [39]): “ ‘ Signed ’ includes any symbol executed or adopted by a party with present intention to authenticate a writing.” The official comments say: “39. ‘ Signed ’. New. The inclusion of authentication in the definition of ‘ signed ’ is to make clear that as the term is used in this Act a complete signature is not necessary. Authentication may be printed, stamped or written; it may be by initials or by thumbprint. It may be on any part of the document and in appropriate cases may be found in a billhead or letterhead. No catalog of possible authentications can be complete and the court must use common sense and commercial experience in passing upon these matters. The question always is whether the symbol was executed or adopted by the party with present intention to authenticate the writing.”
A financial statement containing the much more complete information required by section 9-402 was filed in both the Suffolk County Clerk’s office and in Albany, and while this could not cure a defect in the security agreement, defendant contends that there was no defect because the bare essentials of the statute were complied with.
Were it appropriate to decide it by this motion, this court would be inclined to adopt this view. As a practical matter, it is the financial statement which a searching creditor would first uncover and the intention of the debtor corporation to create a security interest by the security agreement would seem to be clear.
However, although both sides take the position that this is now a question of law for the court, it seems to me that the law of this case as established by the decision of Justice Meyer (on a prior motion reported in 54 Misc 2d 277, affd. 29 A D 2d 767) is to the effect that there is a triable issue of fact.
On that motion the plaintiff conceded the validity of the security agreement only for the purpose of the motion and so he is free to make the present motion; but for the reasons indi *803 cated above, I do not agree with him. However, the defendant on the prior motion also asked for summary judgment on the theory that the security agreement was sufficient as a matter of law, and that was based on no concession. Justice Meyer said (p. 279): “ On the first and second causes of action, plaintiff’s motion for summary judgment is denied for the reasons hereafter set forth, but since plaintiff’s concession as to the validity of the security agreement was for the purposes of its own motion only, and there is, in view of the blanks in the security agreement, a triable issue concerning its validity, defendant’s request for summary judgment on these causes of action is also denied.”
Accordingly both motions are denied.